**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                              :
In re WESTWOOD CHEMICAL CORP.,   :      Chapter 7
                                              :
                Debtor.                       :      Case No. 05-35298 (CGM)
                                              :
-------------------------------------------------------x
                                              :
PAUL L. BANNER, as Bankruptcy                 :
Trustee of the Bankruptcy Estate of           :
Westwood Chemical Corp.,                       :
                                              :
                Plaintiff,                     :
                                              :
                v.                            :
                                              :      Adv. Pro. No. 06-09061 (CGM)
HSBC BANK USA, N.A., TOWN OF                   :
WALLKILL et al.,                               :
                                              :
                Defendants.                    :
-------------------------------------------------------x

### STIPULATION AND ORDER

WHEREAS, on or about January 28, 2005, Debtor Westwood Chemical Corp. (the

"Debtor" or "Westwood") was placed in bankruptcy by an involuntary petition filed by creditors

under Chapter 7 of the bankruptcy code (the "Code"), which was superseded by a voluntary

petition filed on February 11, 2005, and the cases were consolidated by Order dated April 11,

2005;

WHEREAS, on or about April 7, 2005, Paul L. Banner was appointed Trustee of the

Westwood Bankruptcy Estate (the "Trustee");

WHEREAS, on or about February 5, 2005, the Town of Walkill notified the New York

State Department of Environmental Conservation ("DEC") that the Westwood Chemical

Superfund Site located at 46 Tower Road, Middletown, New York 10941, in Orange County,

New York (the "Westwood Site") had been abandoned and, upon inspection, DEC determined

that the Westwood Site posed an imminent threat to human health and the environment;

WHEREAS, in February, 2005, DEC performed emergency removal and response

actions pursuant to the Comprehensive Environmental Response, Compensation, and Liability

Act ("CERCLA"), 42 U.S.C. § 9601 et seq., at the Westwood Site;

WHEREAS, on February 22, 2005, DEC requested that the United States Environmental

Protection Agency ("EPA") perform a CERCLA response action to address hazardous materials

at the Westwood Site, and, following a removal site evaluation, EPA determined that conditions

at the Westwood Site presented an imminent and substantial endangerment to public health or

welfare or the environment, and EPA authorized the performance of a time-critical response

action pursuant to CERCLA at the Westwood Site;

WHEREAS, from March 2005, through March 2006, EPA performed response actions

pursuant to CERCLA at the Westwood Site;

WHEREAS, on or about July 19, 2005, the United States, on behalf of the EPA, filed an

Application for Payment of Administrative Expenses against the Debtor's estate for costs

incurred by the United States pursuant to CERCLA in performance of the response action at the

Westwood Site;

WHEREAS, on or about July 10, 2006, the United States, on behalf of EPA, filed an

updated Application for Payment of Administrative Expenses against the Debtor's estate (the

"EPA Claim");

WHEREAS, the EPA Claim asserts a claim pursuant to CERCLA for at least

- 2 -

$2,935,310.15, on account of unreimbursed environmental response costs incurred by the United States at the Westwood Site;

WHEREAS, on or about September 22, 2006, the State of New York filed claims against the Westwood estate in the amounts of $165,680.27 and $1,021.26, representing (1) DEC's response costs incurred in the emergency removal and response actions at the Westwood Site pursuant to CERCLA; (2) civil penalties for violations of the Environmental Conservation Laws; and (3) regulatory fees due and owing;

WHEREAS, HSBC Bank U.S.A., National Association ("HSBC Bank") is the holder of a purported secured claim on the Debtor's real and personal property located at the Westwood Site, and according to Schedule D of the Voluntary Petition, the amount of HSBC Bank's purported secured claim is $3,558,108.68;

WHEREAS, the Town of Wallkill (the "Town") and the County of Orange (the "County") are the holders of a purported secured claim against the Debtor in the form of a property tax lien on the real property located at the Westwood Site, and according to Schedule D of the Voluntary Petition, the amount of the Town's and County's purported secured claim is $516,894.05;

WHEREAS, Eleanor Koch and Rider, Weiner, Frankel & Calhelha PC are purported holders of secured claims against the Debtor;

WHEREAS, on or about April 26, 2006, the Trustee filed an Adversary Proceeding containing causes of action under 11 U.S.C. § 506(c) to "recover from property with purported secured claims the reasonable, necessary costs and expenses of preserving the value of such

- 3 -

property to the extent of the direct benefit provided to the holders of such claims" and to "recover for the estate the necessary response costs that must be paid to the United States Environmental Protection Agency on account of their claims" (the "506(c) Claims");

WHEREAS, on or about July 24, 2006, the United States, on behalf of EPA, filed a Statement of Interest in the 506(c) Claims;

WHEREAS, in the above-referenced Adversary Proceeding, the Trustee also asserted claims pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, against HSBC Bank, Emma Masset, Rocco Giovanniello, and Westwater Technologies, Inc. (the "Trustee's CERCLA Claims");

WHEREAS, the Trustee's CERCLA Claims are not being resolved under this Stipulation and Order, but are being resolved under a separate stipulation and order;

WHEREAS, upon being appointed Trustee, the Trustee took steps to sell the property and assets of the Debtor at the Westwood Site, and on or about September 6, 2006, the Court approved the sale of such property and assets;

WHEREAS, on or about November 22, 2006, the property and assets of Debtor were sold for a cash payment of $3 million;

WHEREAS, pursuant to a September 6, 2006 Order of the Court, the $3 million cash proceeds of the sale are being held in escrow in an interest-bearing account maintained by the Trustee as property of the estate;

WHEREAS, the parties hereto, without admission of liability by any party, desire to settle, compromise, and resolve the EPA Claim against the Debtor's estate, the State of New

- 4 -

York's administrative claim against the Debtor's estate, and the 506(c) Claims;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration;

IT IS HEREBY STIPULATED and agreed by and among the parties hereto, subject to approval by the Bankruptcy Court and the provisions of paragraphs 14-15, as follows:

    i.       The Trustee shall disburse the $3 million proceeds from the sale of the property of Debtor's estate in full satisfaction of the following claimants' claims against the Debtor's estate as follows: $1.25 million to the United States on behalf of EPA in settlement of its administrative claim, $40,000 to the State of New York in settlement of its administrative claim for civil penalties, $750,000 to HSBC Bank in settlement of its purported secured claim, $275,000 to the Town and County collectively in settlement of their purported secured claim, $62,500 to Eleanor Koch in settlement of her purported secured claim, $41,750 to Rider, Weiner, Frankel & Calhelha PC in settlement of its purported secured claim, with the remainder to be released to the Trustee to pay administrative expenses as authorized by the Court, and to pay the unsecured creditors. Any accrued interest on the $3 million shall be distributed on a pro rata basis among EPA, the State of New York, HSBC Bank, the Town and County collectively, Eleanor Koch, Rider, Weiner, Frankel and Calhelha, and the unsecured creditors.

    ii.      The United States hereby withdraws with prejudice the EPA Claim

- 5 -

against the Westwood Estate in this bankruptcy proceeding for any amount in excess of $1.25 million.

3. The State of New York hereby withdraws with prejudice its administrative claim against the Westwood Estate in this bankruptcy proceeding for any amount in excess of $40,000.

4. The Trustee hereby withdraws the 506(c) Claims with prejudice.

5. The Trustee shall pay the amount of $1.25 million to the United States on behalf of EPA within 12 days of the approval of this Stipulation and Order pursuant to paragraph 6 below. Distributions received by the United States on behalf of EPA will be deposited into the EPA Hazardous Substance Superfund. The Trustee shall pay the amount of $40,000 to the State of New York within 12 days of the approval of this Stipulation and Order pursuant to paragraph 7 below. The Trustee shall pay the remaining amounts set forth in paragraph 1 by Trustee's check, within 12 days of the approval of this Stipulation and Order, by mail to the remaining settling parties at addresses to be provided to the Trustee following entry of this Stipulation and Order.

6. Payment on the EPA Claim shall be made by Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice lockbox bank, referencing CERCLA Number 02WN, and U.S.A.O. File Number 2005V01063, in accordance with instructions to be provided by the United States to the Trustee after execution of this Stipulation and Order. Any EFTs received at the U.S. Department of Justice lockbox bank after 11:00 A.M. (Eastern Time) will be credited on the next business day.

7. Payment to the State of New York shall be made by Electronic Funds Transfer ("EFT" or wire transfer), payable to the New York State Department of Law, Financial Institution as follows:

|  |  |
|---|---|
| Financial Institution: | Key Bank NA, Albany, New York |
| Routing No.: | 021300077 |
| Account Name: | New York State Office of the Attorney General, Environmental Protection Bureau |
| Account No.: | 710001119 |

8. In consideration of the payments that will be made by the Trustee under the terms of this Stipulation and Order, and in consideration of the reduction in the amount of HSBC Bank's purported secured claim as set forth herein, and except as provided in paragraph 9, the United States on behalf of EPA covenants not to bring a civil action or take administrative action against the Debtor's Estate, the Trustee, and/or HSBC Bank pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, relating to the Westwood Site. This covenant not to sue is conditioned upon the complete and satisfactory performance by the Debtor's Estate, the Trustee, and/or HSBC Bank of their obligations under this Stipulation and Order. This covenant not to sue extends only to the Debtor's Estate, the Trustee, and HSBC Bank, and does not extend to any other person.

9. The covenant not to sue set forth in the previous paragraph does not pertain to any matters other than those expressly specified in the previous paragraph. The United States reserves, and this Stipulation and Order is without prejudice to, all rights against the Debtor's Estate, the Trustee, and/or HSBC Bank with respect to all other matters, and specifically with respect to: liability for damages for injury to, destruction of, or loss of natural resources; liability

- 7 -

for response costs that have been or may be incurred by federal agencies that are trustees for natural resources; claims based on a failure by the Debtor's Estate, the Trustee, and/or HSBC Bank to meet a requirement of this Stipulation and Order; liability arising from any alleged ownership or operation of the Westwood Site, or upon the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of hazardous substances at or in connection with the Westwood Site, after the date of signature of this Stipulation and Order by the Debtor's Estate, the Trustee and/or HSBC Bank; and claims relating to any site other than the Westwood Site.

10. With regard to claims for contribution against the Debtor's Estate, the Trustee, and/or HSBC Bank for matters addressed in this Stipulation and Order, the Debtor's Estate, the Trustee, and HSBC Bank are entitled to such protection from contribution actions or claims as is provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2). The "matters addressed" in this Stipulation and Order include only the response action performed by EPA at the Westwood Site pursuant to CERCLA Section 104, 42 U.S.C. § 9604.

11. The Debtor's Estate, the Trustee and HSBC Bank covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Westwood Site, including but not limited to: any direct or indirect claim for reimbursement from the Hazardous Substance Superfund, any claims against the United States, its departments, agencies or instrumentalities, and any claims arising out of response activities at the Westwood Site. Nothing in this Stipulation and Order shall be construed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611 or 40 C.F.R. §

- 8 -

300.700(d).

12. Nothing in this Stipulation and Order shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Stipulation and Order.

13. Entry of this Stipulation and Order will be subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019. The Trustee shall file a motion pursuant to Rule 9019 for approval of this Stipulation and Order.

14. Prior to entry of this Stipulation and Order by the Bankruptcy Court, this Stipulation and Order shall be lodged with the Court for a period of not less than 30 days for notice in the Federal Register, and public comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent from this Stipulation and Order if the public comments regarding the Stipulation and Order disclose facts or considerations that indicate that the Stipulation and Order is inappropriate, improper, or inadequate. Following the close of the public comment period, if the United States does not withdraw or withhold its consent, the United States will file a motion for approval and entry of the Stipulation and Order by the Bankruptcy Court which will include the United States' response to any public comments received.

15. If this Stipulation and Order is not approved and entered by the Bankruptcy Court, this Stipulation and Order shall be of no force and effect, whereupon nothing herein shall be deemed an admission of any fact or waiver of any right of any party with respect to the matters contained herein.

16. This Stipulation and Order represents the complete agreement of the parties

- 9 -

hereto on the matters referred to herein and supersedes all prior agreements, understandings,

promises, and representations made by the parties hereto concerning the subject matter hereof.

This Stipulation and Order may not be amended, modified, or supplemented, in whole or in part,

without the prior written consent of the parties hereto and the approval and entry of the

Bankruptcy Court.

    17.  This Stipulation and Order may be signed in counterparts.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

FOR THE UNITED STATES OF AMERICA

MICHAEL J. GARCIA
United States Attorney for
the Southern District of New York
Attorney for the United States
Environmental Protection Agency

January 29, 2007          By:     ___/s/_____ ____ ____ ___
Date                              SARAH E. LIGHT (SL-9869)
                                  Assistant United States Attorney
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel. 212-637-2774
                                  Fax. 212-637-2686

January 26, 2007                  ___/s/_____ ___
Date                              MATTHEW J. MCKEOWN
                                  Acting Assistant Attorney General
                                  Environment and Natural Resources Division
                                  U.S. Department of Justice

January 19, 2007                  ___/s/_____ ___
Date                              GEORGE PAVLOU
                                  Director, Emergency & Remedial Response Division
                                  U.S. EPA, Region 2

FOR THE STATE OF NEW YORK

ELIOT SPITZER
Attorney General
Attorneys for the New York State Department of
Environmental Conservation

December 22, 2006
Date

_____ /s/ _____
MAUREEN LEARY, ESQ. (MFL-3866)
Assistant Attorney General
Environmental Protection Bureau
Office of the Attorney General
State of New York
The Capitol
Albany, NY 12224-0341
Tel. 518-474-7154
Fax. 518-473-2534

FOR PAUL L. BANNER, as TRUSTEE, and on behalf of
WESTWOOD CHEMICAL CORP.

December 13, 2006                   _____/s/_____
Date                                JOHN PRIVITERA, ESQ. (JP- 0108)
                                    McNamee Lochner, Titus &Williams P.C.
                                    Attorneys to the Trustee
                                    677 Broadway
                                    Albany, NY 12207
                                    Tel. 518-447-3200

December 13, 2006                   _____/s/_____
Date                                PAUL L. BANNER, as TRUSTEE, and on behalf of
                                    WESTWOOD CHEMICAL CORP

                                    FOR HSBC BANK U.S.A., National Association

December 18, 2006                   _____/s/_____
Date                                WILLIAM BROWN, ESQ. (WB-9631)
                                    Phillips Lytle, LLP
                                    3400 HSBC Center
                                    Buffalo, NY 14203
                                    Tel. (716) 847-8400
                                    Fax. (716) 852-6100

- 13 -

FOR THE TOWN OF WALLKILL

December 19, 2006          /s/
Date                       THOMAS LANDRIGAN, ESQ. (TL-3116)
                           Greenwald Law Offices
                           99 Brookside Avenue
                           Chester, NY 10918
                           Tel. 845-469-4900
                           Fax. 845-469-2022


FOR THE COUNTY OF ORANGE

December 15, 2006          /s/
Date                       MARK S. NASH, ESQ. (MN-1668)
                           Senior Assistant County Attorney
                           Attorneys for Defendant County of Orange
                           255 Main Street
                           Goshen, NY 10924
                           Tel. 845-291-3150
                           Fax. 845-291-3167

- 14 -

FOR ELEANOR KOCH

December 19, 2006
Date

\_\_\_\_/s/\_\_\_\_ \_\_\_\_ _____ \_\_\_\_
MICHAEL D. PINSKY, ESQ. (MP-1267)
Michael D. Pinsky, P.C.
30 Matthews Street, Suite 304
Goshen, NY 10924
Tel. 845-294-5123
Fax. 845-294-9384

FOR RIDER, WEINER, FRANKEL & CALHELHA, PC

December 12, 2006
Date

\_\_\_\_/s/\_\_\_\_ \_\_\_\_ _____ \_\_\_\_ \_\_\_
MICHAEL J. MATSLER, ESQ. (MM-8139)
Rider, Weiner, Frankel & Calhelha, P.C.
655 Little Britain Road
New Windsor, NY 12553
Tel. 845-562-9100
Fax. 845-562-9126

SO ORDERED: March 21, 2007

\_\_\_/s/ Cecelia Morris \_\_\_\_ \_\_\_\_ \_\_
United States Bankruptcy Judge

- 15 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

IN RE:                                                            Case No.:  05-35298 (CGM)

    WESTWOOD CHEMICAL CORP.,                    Chapter 7

*Debtor*.

_____

PAUL L. BANNER, as Bankruptcy Trustee of the               Adv. Proc. No. 06-09061-cgm
bankruptcy estate of Westwood Chemical Corp.,

*Plaintiff*,

    vs.

HSBC BANK USA, N.A.; TOWN OF WALLKILL;
EMMA MASSET; ROCCO GIOVANNIELLO;
WESTWATER TECHNOLOGIES, INC.; AMERICAN
INTERNATIONAL CHEMICALS, INC.; CENTRAL
TRANSPORTATION INTERNATIONAL, INC.;
COLLE CORPORATION; DANIEL CONKLIN;
ELEANOR KOCH; OPRANDY'S FIRE AND SAFETY
EQUIPMENT; PHARMA NETWORK, LLC; RIDER,
WEINER, FRANKEL & CALHELHA PC; STANLEY
MARKS & COMPANY, LLP; and USF RED STAR, INC.

*Defendants*.

_____

## STIPULATION AND ORDER SETTLING
## ADVERSARY PROCEEDING NO. 06-09061-CGM

WHEREAS, on or about January 28, 2005, Debtor Westwood Chemical Corp. (the

"Debtor" or "Westwood") was placed in bankruptcy by an involuntary petition filed by creditors

under Chapter 7 of the bankruptcy code (the "Code"), which was superseded by a voluntary

petition filed on February 11, 2005, and the cases consolidated by Order dated April 11, 2005;

WHEREAS, on or about April 7, 2005, Paul L. Banner was appointed Chapter 7 Trustee of the Westwood Bankruptcy Estate (the "Trustee");

WHEREAS, on or about July 19, 2005, the United States, on behalf of the Environmental Protection Agency (the "EPA"), filed an Application for Payment of Administrative Expenses against the Debtor's Estate;

WHEREAS, on or about September 22, 2006, the State of New York filed claims against the Debtor's Estate in the amounts of $165,680.27 and $1,021.26, representing (1) DEC's response costs incurred in the emergency removal and response actions at the Westwood Site pursuant to CERCLA; (2) civil penalties for violations of the Environmental Conservation Laws; and (3) regulatory fees due and owing;

WHEREAS, on or about July 10, 2006, the United States, on behalf of EPA, filed an updated Application for Payment of Administrative Expenses against the Debtor's Estate (the "EPA Claim");

WHEREAS, the EPA Claim asserts a claim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for at least $2,935,310.15, on account of unreimbursed environmental response costs incurred by the United States at the Westwood Chemical premises located at 46 Tower Road, Middletown, New York 10941, in Orange County, New York (the "Westwood Site");

WHEREAS, on or about April 26, 2006, the Trustee filed an Adversary Proceeding (AP #06-09061-cgm) containing causes of action under 11 U.S.C. § 506(c) to "recover from property with purported secured claims the reasonable, necessary costs and expenses of preserving the value of such property to the extent of the direct benefit provided to the holders of such claims"

2

and to "recover for the estate the necessary response costs that must be paid to the United States Environmental Protection Agency on account of their claims" (the "506(c) Claims");

WHEREAS, the 506(c) Claims were asserted against the following creditor defendants: HSBC Bank USA, N.A.; Town of Wallkill; County of Orange[1]; American International Chemicals, Inc.; Central Transport International, Inc.; Colle Corporation; Daniel Conklin; Eleanor Koch; Oprandy's Fire & Safety Equipment; PharmaNetwork, LLC; Rider, Weiner, Frankel & Calhelha, P.C.; Stanley Marks & Company, LLP; and USF Red Star, Inc.;

WHEREAS, on August 15, 2006, a Stipulation of Discontinuance Against Defendant Central Transport International, Inc. was filed with the Court on ECF/PACER, whereby Central Transport agreed to relinquish its status as a secured creditor, thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant Oprandy's Fire & Safety Equipment, thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant USF Red Star, Inc., thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant American International Chemicals, Inc., thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

---

[1] The County of Orange was voluntarily added as a party in conjunction with the Town of Wallkill by way of Stipulation filed with the Court on November 27, 2006.

3

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant Colle Corporation, thereby rendering any claim he may have against the Debtor's Estate an unsecured claim;

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant Daniel Conklin, thereby rendering any claim he may have against the Debtor's Estate an unsecured claim;

WHEREAS, on September 15, 2006, a default judgment was entered against Defendant Stanley Marks & Company, LLP, thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

WHEREAS, on October 11, 2006, a Stipulation of Discontinuance Against Defendant PharmaNetwork, LLC was filed with the Court on ECF/PACER, whereby PharmaNetwork agreed to relinquish its status as a secured creditor, thereby rendering any claim it may have against the Debtor's Estate an unsecured claim;

WHEREAS, in the above-referenced Adversary Proceeding (AP #06-09061-cgm), the Trustee also asserted claims pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, against HSBC Bank, Emma Masset, Rocco Giovanniello, and Westwater Technologies, Inc. (the "Trustee's CERCLA Claims");

WHEREAS, on or about January 3, 2007, a Stipulation and Order for Voluntary Dismissal of All Claims Against and Among Defendants HSBC Bank, Emma Masset, and Rocco Giovanniello, was agreed to by the parties thereto, whereby the Trustee's CERCLA Claims and all cross claims, counterclaims, and third party claims asserted by Defendants HSBC Bank, Emma Masset, and Rocco Giovanniello against each other, the Trustee, and all other defendants were dismissed with prejudice;

4

WHEREAS, all remaining parties to this Adversary Proceeding (AP #06-09061-cgm) and HSBC Bank desire to resolve all other matters in controversy pertaining to this Adversary Proceeding, including, but not limited to, the Trustee's CERCLA Claims against HSBC Bank, the Trustee's 506(c) Claims against HSBC Bank, Town of Wallkill, County of Orange, Eleanor Koch, and Rider, Weiner, Frankel & Calhelha, P.C., and all cross claims and counterclaims interposed by any of the defendants against the Trustee, HSBC Bank, Town of Wallkill, County of Orange, Eleanor Koch, Rider, Weiner, Frankel & Calhelha, P.C. or any other defendant in this Adversary Proceeding (AP #06-09061-cgm);

WHEREAS, on or about September 5, 2006, the Court issued an order authorizing the Trustee's sale of certain of the debtor's personal property and of its real estate ("Sold Property") to WBS Carbons Acquisition Corp. for $3,000,000 and directing the net proceeds of the sale to be held by the Trustee in escrow pending further order of the Court in this Adversary Proceeding (AP #06-09061-cgm);

WHEREAS, the closing occurred on or about November 22, 2006 and the Trustee received the net sale proceeds and is holding the same as property of the estate pursuant to the Court's order of September 5, 2006;

WHEREAS, the Trustee, the United States on behalf of EPA, the State of New York, and the parties hereto have entered into a separate Stipulation and Order resolving the administrative claims of the United States EPA and the State of New York, which is being filed simultaneously with this Court;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration;

IT IS HEREBY STIPULATED and agreed to by and among the parties hereto, subject to approval by the Bankruptcy Court and the provisions of paragraphs 13 and 16 herein, as follows:

1.      The Trustee shall disburse the proceeds from the Sold Property in full satisfaction of the following claimants' purported secured and administrative claims against the estate as follows: $1,250,000 to the United States on behalf of EPA in settlement of its administrative claim, $40,000 to New York State in settlement of its administrative claim for civil penalties, $750,000 to HSBC Bank in settlement of its claim, $275,000 to the County of Orange[2] in settlement of its claim, $62,500 to Eleanor Koch in settlement of her claim, and $41,750 to Rider, Weiner, Frankel & Calhelha, P.C. in settlement of its claim, with the remainder to be released to the Trustee to be used in paying other administrative claims and the claims of the unsecured creditors. Any accrued interest on the proceeds from the Sold Property shall be distributed on a pro rata basis among EPA, the State of New York, HSBC Bank, the County of Orange, Eleanor Koch, Rider, Weiner, Frankel & Calhelha, P.C., and the unsecured creditors.

2.      The Trustee shall disburse the proceeds from the Sold Property in the manner set forth above within twelve (12) days of this Order becoming a Final Order.

3.      As part of the consideration exchanged for the settlement figures set forth above, HSBC Bank, Town of Wallkill, County of Orange, Eleanor Koch, and Rider, Weiner, Frankel & Calhelha, P.C. (collectively the "Settling Parties") agree not to pursue any deficiency on its/her claim against the estate or the Trustee, and each Settling Party hereby agrees to and does hereby withdraw the remainder of its/her secured and unsecured claims in this case.

4.      Plaintiff PAUL L. BANNER, as Chapter 7 Trustee of Westwood Chemical Corp., on behalf of the Estate, and for himself and his successors, and assigns, and all those claiming

---

[2] A portion of the funds received by the County of Orange shall reduce, on a pro rata basis, any chargeback the County of Orange may seek against the Town of Wallkill.

6

by, through, or under them, fully, finally, and forever mutually release and discharge all Settling

Parties and their past, present and future representatives, officers, directors, employees and

agents of and from any and all claims, contracts, promises, judgments, actions, suits, liens,

losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands,

obligations, liabilities, and causes of action of every type, nature, and description, whatsoever,

that have both accrued and that are yet to accrue, whether known or unknown, that have been

asserted or are yet to be asserted arising out of or in connection with Westwood. The Trustee

also hereby voluntarily dismisses his CERCLA claims, with prejudice, as against Westwater

Technologies, Inc., which has not filed an answer or otherwise moved for dismissal or judgment

in this Adversary Proceeding. It is the Trustee's intent to effect a general release of all of its

asserted claims and unasserted claims against the Settling Parties respecting Westwood from the

beginning of the world to the date of this release.

   5.  Defendant HSBC BANK USA, NATIONAL ASSOCIATION, for itself and its

successors, and assigns, and all those claiming by, through, or under them, fully, finally, and

forever mutually release and discharge the Trustee and all Settling Parties and their past, present

and future representatives, officers, directors, employees and agents of and from any and all

claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights,

damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes

of action of every type, nature, and description, whatsoever, that have both accrued and that are

yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted

arising out of or in connection with Westwood. It is the intent of HSBC Bank to effect a general

release of all of its asserted claims and unasserted claims against the Settling Parties respecting

Westwood from the beginning of the world to the date of the release.

6.      Defendant TOWN OF WALLKILL, for itself and its successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge the Trustee and all Settling Parties and their past, present and future representatives, officers, directors, employees and agents of and from any and all claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes of action of every type, nature, and description, whatsoever, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted arising out of or in connection with Westwood. It is the Town's intent to effect a general release of all of its asserted claims and unasserted claims against the Settling Parties respecting Westwood from the beginning of the world to the date of the release.

7.      Defendant COUNTY OF ORANGE, for itself and its successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge the Trustee and all Settling Parties and their past, present and future representatives, officers, directors, employees and agents of and from any and all claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes of action of every type, nature, and description, whatsoever, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted arising out of or in connection with Westwood. It is the County's intent to effect a general release of all of its asserted claims and unasserted claims against the Settling Parties respecting Westwood from the beginning of the world to the date of the release.

8.     Defendant ELEANOR KOCH, for herself, and her successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge the Trustee and all Settling Parties and their past, present and future representatives, officers, directors, employees and agents of and from any and all claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes of action of every type, nature, and description, whatsoever, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted arising out of or in connection with Westwood. It is Ms. Koch's intent to effect a general release of all of its asserted claims and unasserted claims against the Settling Parties respecting Westwood from the beginning of the world to the date of the release.

9.     Defendant RIDER, WEINER, FRANKEL & CALHELHA, P.C., for itself and its successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge the Trustee and all Settling Parties and their past, present and future representatives, officers, directors, employees and agents of and from any and all claims, contracts, promises, judgments, actions, suits, liens, losses, indebtedness, rights, damages, costs, fees, expenses, remedies, accounts, demands, obligations, liabilities, and causes of action of every type, nature, and description, whatsoever, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted arising out of or in connection with Westwood. It is the intent of Rider, Weiner, Frankel & Calhelha, P.C. to effect a general release of all of its asserted claims and unasserted claims against the Settling Parties from the beginning of the world to the date of the release.

9

10a.    Defendant WESTWATER TECHNOLOGIES, INC., for itself and its successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge the Trustee and all Settling Parties and their past, present and future representatives, officers, directors, employees and agents of and from any and all claims, judgments, actions, suits, liens, costs, fees, expenses, remedies, demands, obligations, liabilities, and causes of action, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted arising out of or in connection with the Section 506(c) and CERCLA Claims asserted in this Adversary Proceeding (AP No. 06-09061-cgm). It is the intent of Westwater Technologies, Inc. to effect a general release of all of its unasserted claims against the Settling Parties in this Adversary Proceeding (AP No. 06-09061-cgm).

10b.    The Trustee and the Settling Parties for themselves and their respective successors, and assigns, and all those claiming by, through, or under them, fully, finally, and forever mutually release and discharge Westwater Technologies, Inc. and its past, present and future representatives, officers, directors, employees and agents of and from any and all claims, judgments, actions, suits, liens, costs, fees, expenses, remedies, demands, obligations, liabilities, and causes of action, that have both accrued and that are yet to accrue, whether known or unknown, that have been asserted or are yet to be asserted, arising out of in connection with the Section 506(c) and CERCLA Claims asserted in this Adversary Proceeding (AP No. 06-09061-cgm). It is the intent of the Trustee and the Settling Parties to effect a general release of all of their respective unasserted Section 506(c) and CERCLA Claims against Westwater Technologies, Inc. in this Adversary Proceeding (AP No. 06-09061-cgm).

11.     Each party represents and warrants that they have not assigned or transferred any claim or part or portion of any claim released herein. Each party further represents and warrants that if such assignment or transfer has occurred, they will indemnify and hold the others harmless from and against any claims based on or arising out of any such assignment or transfer purported or claimed. This obligation to hold harmless and indemnify shall include the obligation to pay reasonable attorneys' fees and costs actually incurred, whether or not litigation has been commenced.

12.     Each party represents and warrants that the person signing this Agreement is authorized to enter into it on behalf of and has requisite authority to bind the party.

13.     If this Stipulation and Order is not approved and entered by the Bankruptcy Court, this Stipulation and Order shall be of no force and effect, whereupon nothing herein shall be deemed an admission of any fact or wavier of any right of any party with respect to the matters contained herein.

14.     This Stipulation and Order represents the complete agreement of the parties hereto on the matters referred to herein and supersedes all prior agreements, understandings, promises, and representations made by the parties hereto concerning the subject matter hereof. This Stipulation and Order may not be amended, modified, or supplemented, in whole or in part, without the prior written consent of the parties hereto and the approval and entry of the Bankruptcy Court.

15.     This Stipulation and Order may be signed in counterparts.

16.     This Stipulation and Order shall not be entered by the Bankruptcy Court unless and until the Bankruptcy Court enters the Stipulation and Order resolving the EPA's and New York State's administrative claims, which is being filed simultaneously herewith.

11

FOR PAUL L. BANNER, as TRUSTEE, and on behalf of
WESTWOOD CHEMICAL CORP.:

__1-3-07_____          ___/s_____
Date                        JOHN PRIVITERA, ESQ. (JP-0108)
                            McNamee, Lochner, Titus & Williams, P.C.
                            677 Broadway
                            Albany, New York 12207
                            Tel. 518-447-3200


FOR HSBC BANK USA, NATIONAL ASSOCIATION:

__1-5-07_____          ___/s_____
Date                        WILLIAM J. BROWN, ESQ. (WB-9631)
                            Phillips Lytle, LLP
                            3400 HSBC Center
                            Buffalo, New York 14203
                            Tel. 716-847-8400


FOR THE TOWN OF WALLKILL:

__1-3-07_____          ___/s_____
Date                        THOMAS LANDRIGAN, ESQ. (TL-3116)
                            Greenwald Law Offices
                            99 Brookside Avenue
                            Chester, New York 10918
                            Tel. 845-469-4900


FOR THE COUNTY OF ORANGE:

__1-5-07_____          ___/s_____
Date                        MARK NASH, ESQ. (MN-1669)
                            Senior Assistant County Attorney
                            Orange County Department of Law
                            255 Main Street
                            Goshen, New York 10924
                            Tel. 845-291-3150

12

FOR ELEANOR KOCH:

_____1-5-07_____          _____/s_____
Date                          MICHAEL PINSKY, ESQ. (MP-1267)
                              Michael D. Pinsky, P.C.
                              30 Matthews Street, Suite 304
                              Goshen, New York 10924
                              Tel. 845-294-5123


FOR RIDER, WEINER, FRANKEL & CALHELHA, P.C.:

_____1-3-07_____          _____/s_____
Date                          MICHAEL MATSLER, ESQ. (MM-8139)
                              Rider, Weiner, Frankel & Calhelha, P.C.
                              655 Little Britain Road
                              New Windsor, New York 12553
                              Tel. 845-562-9100


FOR WESTWATER TECHNOLOGIES, INC.:

_____1-5-07_____          _____/s_____
Date                          MICHAEL O'LEARY, ESQ. (MO-1573)
                              *Chapter 7 Trustee of Westwater Technologies, Inc.*
                              225 Dolson Avenue
                              Suite 303
                              P.O. Box 929
                              Middletown, NY 10940
                              Tel. (845) 343-6227


SO ORDERED.

_____
United States Bankruptcy Judge


13