UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE STATE OF NEW YORK AND
THE NEW YORK STATE DEPARTMENT
OF ENVIRONMENTAL CONSERVATION,

                              Plaintiffs,            CONSENT DECREE

    v.

                                                     Civil Action No.
HSBC BANK USA, National Association        07-CV-3160(scr)

                              Defendant.

---

        Plaintiffs the State of New York and the New York State Department of Environmental Conservation ("DEC"), (hereinafter collectively, the "State"), and defendant HSBC Bank USA, National Association ("HSBC"), hereby agree as follows:

### Recitations

    1.    The State commenced this action against defendant HSBC pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601 et seq. ("CERCLA"), and the New York Environmental Conservation Law ("ECL"), seeking to recover response costs and civil penalties for alleged violations of law as a result of the abandonment and disposal of hazardous waste and hazardous substances at the Westwood Chemical Corporation, located in the City of Middletown, Town of Walkill, Orange County, New York (the "Westwood Site").

    2.    The State alleges that HSBC participated in the management and otherwise operated the Westwood facility at a time when hazardous substances were disposed, released or threatened to be released to the environment. The State further alleges that as a result of its

actions, HSBC does not fall within the "safe harbor" provisions of CERCLA Section 9601(20)(F), 42 U.S.C. § 9601(20)(F), which protects lenders that do not participate in the management of a facility. The State alleges that HSBC is therefore liable for the State's response costs incurred in remediating the Westwood Site pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a).

3.  The State also alleges that HSBC failed to report the disposal, release and threat of release of hazardous substances and hazardous waste to DEC as required by the ECL. The State alleges that as a result of HSBC's acts and omissions, and its failure to report the disposal, release and threat of release of hazardous substances and hazardous waste, it has violated the ECL and is liable for civil penalties.

4.  HSBC denies the allegations in the Complaint and further denies that it is liable to the State under any of the claims alleged against it in the Complaint.

5.  The State and HSBC (collectively "the parties") desire to fully and finally resolve all claims that could now or hereafter be asserted by the State with respect to the matters covered herein without the necessity or further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law. The State has determined that settlement of this case in accordance with the terms set forth below is practicable and in the best interest of the public.

6.  The parties agree that this Consent Decree represents a good faith compromise of disputed claims and that the compromise is fair, reasonable, in the public interest and in furtherance of the statutory goals of CERCLA and the ECL.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

### Purpose and Scope of Consent Decree

7. The purpose of this Consent Decree is to finally resolve all claims that have been, could have been, or hereafter could be asserted by the State against HSBC, with regard to Covered Matters, to provide contribution protection for Covered Matters, to provide mutual Covenants Not to Sue, to provide for payment of certain consideration to the State, and for the other purposes set forth herein.

8. "Covered Matters," as that term is used in this Consent Decree, is defined to include any and all past or future claims that were, or could now or hereafter be, asserted by the State against HSBC arising out of or in connection with the disposal, release, and threat of release of hazardous substances at or from the Westwood Site, excluding those rights specifically reserved in this Consent Decree.

### Disclaimer of Admissions

9. Nothing in this Consent Decree shall constitute, or be construed as, an admission or adjudication of liability on any issue of law or fact.

### Parties Bound

10. This Consent Decree shall apply to and be binding upon the State and upon HSBC, its subsidiaries, directors, officers, agents and representatives. The "State" means the State of New York, including its departments, agencies, and instrumentalities. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party on whose behalf he or she signs.

## Consideration by Settling Defendant

11. <u>Response and Enforcement Costs</u>. Within 30 days of the Effective Date of this Consent Decree, HSBC shall reimburse the State for response and enforcement costs in the amount of $115,680.

12. <u>Penalty Payment</u>. Within 30 days of the Effective Date of this Consent Decree, HSBC shall pay a penalty in the amount of $850,000.

13. <u>Payment</u>. Payment shall be remitted by electronic funds transfer to:

| | |
|---|---|
| Financial Institution: | Key Bank NA, Albany, New York |
| Routing No.: | 021300077 |
| Account Name: | New York State Office of the Attorney General, Environmental Protection Bureau |
| Account No. | 710001119 |

At the time such payment is remitted, HSBC shall provide written notice of the remittance in accordance with paragraph 15.

14. <u>Corporate Policy Review and Training</u>.

 a. HSBC agrees to fully review and, where appropriate, revise its environmental policies and practices with respect to its commercial lending units. HSBC also agrees to offer a supplemental training program regarding its environmental policies and practices. The review and revision of HSBC's environmental policies and practices and the training program shall be undertaken for the purpose of assuring (1) HSBC's compliance with the safe harbor provisions of the Asset Conservation Act amendments to CERCLA Section 101(20)(F), 42 U.S.C. § 9601(20)(F); and (2) the ongoing education of HSBC personnel concerning the

requirements imposed by the ECL and the regulations promulgated thereunder to report to DEC and/or local authorities the release or threat of release of petroleum and/or hazardous substances to the environment.

b.  Within 30 days of the Effective Date of this Consent Decree, HSBC shall retain an outside expert for the purpose of assisting and advising HSBC in the review and, where appropriate, the revision of HSBC's environmental policies and practices and in the preparation of a supplemental training program.

c.  Within seven days of retaining an outside expert, HSBC shall provide written notification to the Attorney General's Office and DEC in accordance with the notice provision set forth in paragraph 15 of the name and qualifications of the outside expert.

d.  Within 180 days of the Effective Date of this Consent Decree, HSBC and its outside expert (1) shall complete the review and, where appropriate, revision of HSBC's environmental policies and practices, and (2) complete preparation of a supplemental training program with respect to such policies and practices for its commercial lending units. Any recommended changes to HSBC's environmental policies and practices will be subject solely to HSBC management approval. Any supplemental training program will be subject solely to HSBC management approval.

e.  Within one year of the Effective Date of this Consent Decree, HSBC shall provide a supplemental computer and classroom-based training program to

    its commercial lending units, that is designed to achieve the objectives set forth in paragraph 14(a) and addresses HSBC's environmental policies and practices.

  f. Within 60 days of the completion of the supplemental training, HSBC shall provide written notification to the Attorney General's Office and DEC in accordance with the notice provisions set forth in paragraph 15, of the number of training classes held, the number of HSBC employees or other representatives attending, the topics covered in the supplemental training program, and the general results of the review and/or revision to the Bank's review of environmental policies.

15. <u>Notice</u>. Written notification under this Consent Decree, including notification of payment under paragraphs 11-12, notification of the retention of the outside expert, notification of the completion of the review and revision of HSBC's environmental policies and practices, and notification of completion of the supplemental training program, all in accordance with paragraph 14, shall be submitted to:

> G. Stephen Hamilton
> New York State Department of Environmental
> Conservation
> 625 Broadway
> Albany, New York
> gshamilt@gw.dec.state.ny.us
>
> and
>
> Maureen F. Leary
> Assistant Attorney General
> New York State Office of Attorney General
> Environmental Protection Bureau

-6-

       The Capitol
       Albany, New York 12224-0341
       Maureen.Leary@oag.state.ny.us

Notification solely of the payments made pursuant to paragraphs 11-12 also shall be sent to:

       Dorcey Bennett
       New York State Office of Attorney General
       Office of Budget and Fiscal Management
       State Agency Building 4, 4th Floor
       Albany, New York 12224
       Dorcey.Bennett@oag.state.ny.us

### Exemption From Disclosure

16. Any submission by HSBC with respect to its policies and practices and training program shall be treated by both the Attorney General's Office and DEC as confidential business information not subject to the provision of, nor disclosure under, the Freedom of Information Law, Public Officer's Law § 87. Any submission by HSBC shall not be used against it in any administrative, civil, criminal, or judicial proceeding.

### Effective Date

17. The parties agree that this Consent Decree is contingent on the entry of order(s) pursuant to Federal Rule of Bankruptcy Procedure 9019 by the United States Bankruptcy Court for the Southern District of New York approving the stipulations and settlements, and dismissing with prejudice, the adversary proceeding by the Chapter 7 trustee in the matter known as *Paul L. Banner, as Bankruptcy Trustee for the Estate of Westwood Chemical Corp. v. HSBC Bank USA, N.A., et al.* (Docket No. 06-09061). The parties agree that the State's Complaint in this action shall not be filed, and the Consent Decree shall not be submitted for signature to the United States District Court for the Southern District of New York, until the stipulations and orders are

approved, signed and entered by the Bankruptcy Court as set forth above. The Effective Date of this Consent Decree shall be that date on which this Consent Decree is entered by the Clerk of the United States District Court for the Southern District of New York. Nothing herein shall preclude the State and HSBC from agreeing that the obligations hereunder shall be effective prior to entry of such order.

### Release, Discharge and Covenant Not to Sue by the State of New York

18. In consideration of HSBC's payment of the full amounts due under paragraphs 11-12, and HSBC's completion of the review and revision of the environmental policies and practices and supplemental training program, and the fulfilment of the notice provisions set forth in paragraphs 14 and 15, upon the Effective Date of this Consent Decree, the State releases, discharges, and covenants not to sue or take any civil, criminal, judicial, or administrative action under any federal, state, or local or common law, including, without limitation, the CERCLA, the ECL, Article 12 of the New York Navigation Law ("NL"), and the regulations related thereto, against HSBC, its parents, subsidiaries, predecessors, assigns, officers, directors, employees and agents, with respect to the Covered Matters, including any and all past, present, and future claims or causes of action, administrative or judicial, civil or criminal, in law or in equity, for past or future response costs or penalties arising out of or relating to the actual or alleged releases or threats of releases of hazardous substances at or from the Westwood Site, including claims for natural resource damages. The release and covenant not to sue of the State shall take effect upon the Effective Date of this Consent Decree.

### Covenants by Settling Defendant

19. In consideration of the release and discharge, and covenant not to sue by the State, HSBC covenants not to sue or assert any claims or causes of action whatsoever against the State, its agencies, officers, or representatives, related to the Covered Matters.

### Contribution Protection

20. The parties to this Consent Decree agree that HSBC is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f) of CERCLA, 42 U.S.C. §9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing HSBC's liability to persons not party to this Consent Decree for the Covered Matters. As provided under 42 U.S.C. § 9613 and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, HSBC shall be deemed to have resolved its liability to the State under applicable law including, without limitation, CERCLA, ECL, NL, and common law, for purposes of contribution protection and with respect to the Covered Matters addressed pursuant to and in accordance with this Consent Decree.

21. Any rights HSBC may have to obtain contribution or otherwise recover costs or damages from persons not party to this Consent Decree are preserved. In addition, all claims and defenses of HSBC with respect to all other persons other than the State are expressly reserved.

### Effect on Liability of Other Parties

22. Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any entity not a party in this action, and the State expressly reserves its rights to sue for any claim or cause of action, administrative or judicial, civil or criminal, past or future, in

law or in equity, that the State may have against any person, firm, corporation, or other entity not a party in this action or a beneficiary expressly identified in the Release, Discharge and Covenant Not to Sue set forth in paragraph 17 of this Consent Decree.

### Federal Banking Authority Unaffected

23. Nothing herein shall be deemed to constitute a waiver by HSBC of, or otherwise affect, the exclusive visitorial powers over HSBC vested in the Office of the Comptroller of the Currency.

### Application for Judicial Approval and Entry of Consent Decree

24. The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Consent Decree and to secure and maintain the contribution protection contemplated in this Consent Decree.

### Entry of Judgment

25. Upon approval and entry by the Court, this Consent Decree shall constitute a final judgment.

### Jurisdiction

26. For purposes of entry and enforcement of this Consent Decree, the Parties to this Consent Decree agree that the Court has jurisdiction in this matter and shall retain jurisdiction until HSBC has fulfilled its obligations hereunder.

### Complete Agreement/Signing

27. This Consent Decree constitutes the complete agreement of the parties. This Consent Decree may not be amended, modified, supplemented, or otherwise changed without the

written consent of both the State and HSBC, and approval of the District Court. This Consent Decree may be signed in counterparts.

Dated: December 22, 2006
      Albany, New York

                             ELIOT SPITZER
                             Attorney General of the State of New York
                             Attorney for Plaintiffs State of New York and the
                                 New York State Department of
                             Environmental Conservation

                    BY: _____
                            MAUREEN F. LEARY
                            Bar Roll No. ML-3866
                            Assistant Attorney General
                            Environmental Protection Bureau
                            The Capitol
                            Albany, New York 12224-0341
                            (518) 474-7154

Dated: December 22, 2006
      Buffalo, New York                  HSBC Bank USA, N.A., Defendant

                    BY: _____
                            Kevin Hogan
                            Phillips, Lytle, LLP
                            3400 HSBC Center
                            Buffalo, New York 14203-2887
                            (716) 847-8331

**SO ORDERED**

**DATED:** _____

                                                                           _____
                                                                           **HONORABLE** _____
                                                                           **United States District Judge**
                                                                           **Southern District of New York**